CITIZENS FOR ANNEXATION RE-
FORM, a not-for-profit organization;
et al., Plaintiffs–Appellants,

v.

IDAHO, State of; et al., Defendants–
Appellees.

No. 05–35415.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2007.

Filed Feb. 28, 2007.

Mark L. Pollot, Esq., Boise, ID, William T. Sali, Esq., Kuna, ID, for Plaintiffs–Appellants.

Roger Lee Gabel, Esq., Office of the Idaho Attorney General, James J. Davis, Esq., Michael W. Moore, Esq., Moore &

Baskin, LLP, Boise, ID, for Defendants–Appellees.

Before: THOMPSON, KLEINFELD, and BYBEE, Circuit Judges.

MEMORANDUM *

Because of the wide latitude given to states to craft schemes for municipal annexation, states are not required to provide that annexations be put to a vote or even to require consent in any fashion.[1] Heightened scrutiny is triggered, however, if a state does decide to permit its citizens to vote on such annexations.[2]

The procedures used by Idaho in the challenged annexations did not require consent, let alone a vote of the citizenry.[3] In *Hussey v. City of Portland,* by contrast, consents of registered voters were needed. Consequently, the annexation procedures here are only subject to rational basis review—which they survive.

The district court was incorrect in finding plaintiffs had standing to challenge the entirety of the Idaho municipal annexation scheme.[4] Plaintiffs were only entitled to challenge the regulations governing the annexations they sought to void. Therefore, we do not pass on the validity of aspects of the scheme that did not apply to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Hunter v. City of Pittsburgh,* 207 U.S. 161, 178–79, 28 S.Ct. 40, 52 L.Ed. 151 (1907).

2. *Hussey v. City of Portland,* 64 F.3d 1260, 1263 (9th Cir.1995).

3. See Idaho Code § 50–222(3)(a); I.C. § 50–222(3)(b)(i).

4. *See Los Angeles Police Department v. United Reporting Publishing Corp.,* 528 U.S. 32, 38, 120 S.Ct. 483, 145 L.Ed.2d 451 (1999) ("The traditional rule is that a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court.") (internal quotations and citations omitted).

the two annexations challenged in the district court.

AFFIRMED IN PART AND DISMISSED IN PART.